**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

JAN 26 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELIAS AVILA-GUZMAN, | No. 13-74256 |
| Petitioner, | Agency No. A098-448-343 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 20, 2016**

Before: CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Elias Avila-Guzman, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's determination that the harm Avila-Guzman suffered in Mexico did not rise to the level of persecution, *see Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (lifetime of harassment and one incident of violence did not compel a finding of past persecution), and the agency's determination that he failed to establish a well-founded fear of future persecution, *see Castro-Martinez v. Holder*, 674 F.3d 1073, 1081 (9th Cir. 2011) (petitioner's statement that he did not seek police protection, without more, was insufficient to establish the government was unable or unwilling to control his attackers). Thus, Avila-Guzman's asylum claim fails.

Because petitioner failed to establish eligibility for asylum, he necessarily cannot meet the more stringent standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Finally, substantial evidence also supports the agency's denial of CAT relief because Avila-Guzman failed to show it is more likely than not that he would be tortured by the Mexican government, or with its consent or acquiescence. *See*

*Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**